■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISABELLO SANTIAGO, Appellant.— Judgment convicting defendant, upon verdict of jury, of murder in the first degree, unanimously reversed, on the law and the facts, on the ground that the verdict is clearly against the evidence, and a new trial directed. The identity of the defendant as the perpetrator of the crime is not sufficiently established. In fact, the District Attorney, with commendable frankness, states that he is "unable to urge that the evidence herein is legally sufficient to support the judgment." Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.

■ LEON QUAT, Legal Guardian on Behalf of MITCHELL R. FREED, Respondent-Appellant, v. EDWARD FREED, Appellant-Respondent.— Order of Family Court, County of New York, entered August 23, 1968, directing payment of legal fees, unanimously affirmed, with disbursements only, however. Although the allowances are on the generous side, much of the legal activity was occasioned by the father's own conduct. Order of Family Court entered August 7, 1968, dismissing habeas corpus proceeding, directing a support order, awarding arrears and directing posting of a bond, unanimously modified on the law and the facts, and in the exercise of discretion, so as to eliminate the sum of $1,300 from the award in the sum of $1,975 as arrears to the mother and eliminating also the credit of $1,691.75 for each child allowed to the father, and otherwise affirmed, with disbursements only. The sum of $1,300 herein pertained to a period commencing five years ago and ending four years ago, when the father still retained legal custody and during which the boys were either enrolled in a day camp or a school. In any event they were provided for and the mother made no current demand during that period. The item of $1,691.75 for each child represents monies withdrawn from the children's trust fund in order to reimburse the mother. This money, to wit, $3,383.50, must be restored to the fund. The fact that the children had this fund effects no diminution of the father's primary obligation to support his children (*Drazin* v. *Drazin,* 31 A D 2d 531; *Siegel* v. *Hodges,* 15 A D 2d 571). The habeas corpus proceeding is dismissed on the merits. We further assume the bond will be made to conform with section 471 of the Family Court Act, and we anticipate the mother will make a reasonably timely disclosure as to whether or not she intends to remain in Israel. Her decision may necessitate another hearing and evaluation of visitation arrangements, support and the current state of appellant's finances. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.